IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TONY LESTER STORK,

    Defendant.

Case No. 19-cr-40055-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Tony Lester Stork's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive. Counsel voluntarily appeared for the defendant and has moved to withdraw because he does not believe the defendant is eligible for a reduction (Doc. 48). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating it has no objection to counsel's withdrawal and agrees that the defendant is not eligible for a reduction (Doc. 50). The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

The defendant pled guilty to one count of possessing a firearm as a felon. At sentencing, the Court determined the defendant's base offense level was 26 but reduced that level by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crime. This established a total offense level of 23. The defendant had accumulated 25 criminal history points, 2 of which were awarded because he was under a criminal sentence when he committed his offense of conviction ("status points"). *See* PSR ¶¶ 48-50. This landed him in criminal history category of VI and resulted in a guideline sentencing range of 92 to 115 months in prison.

The Court imposed a sentence of 92 months.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.  Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.  For defendants who received status points and had fewer than 7 criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to zero.  For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[1]  Amendment 821 is retroactive.  See U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendment

---

[1] Part B of Amendment 821 concerns defendants with no criminal history points.  This does not apply to the defendant because he was assessed criminal history points.

821 did not lower the defendant's guideline sentencing range.   It is true that it reduced the defendant's criminal history points under U.S.S.G. § 4A1.1 from 25 to 24, but he still falls within criminal history VI.   Anything over 12 criminal history points results in a criminal history category of VI.   *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. A.   Because Amendment 821 did not change the defendant's criminal history category, it did not lower his sentencing guideline range, and he is not eligible for a sentence reduction.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 48) because the defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821.   AFPD Kilgore is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   April 2, 2024**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**